**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-1587

**ELEAZAR CASTORENA**,
    Plaintiff,

v.

**DENVER SCRAP METAL RECYCLE CENTER, INC.**,
    Defendant.

---

**ORIGINAL COMPLAINT**

---

COMES NOW Plaintiff Eleazar Castorena ("Plaintiff"), by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Denver Scrap Metal Recycle Center, Inc. ("Defendant"), and in support thereof he does hereby state and allege as follows:

**I.    PRELIMINARY STATEMENTS**

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2.    Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. The witnesses to the wage violations herein reside in this District.

7. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

8. Plaintiff is a resident and citizen of Adams County.

9. Defendant is a domestic, for-profit corporation.

10. Defendant's registered agent for service is Sean Adams, at 4920 Washington Street, Denver, Colorado 80216.

11. Defendant, in the course of business, maintains a website at https://www.denverscrapmetal.com/.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Defendant owns and operates a scrap metal recycling company.

14. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

16. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

17. Plaintiff was employed by Defendant within the three years preceding the filing of this Original Complaint.

18. Specifically, Plaintiff was employed by Defendant from June of 2015 until February or March of 2021 as a heavy equipment operator.

19. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

20. Plaintiff also received nondiscretionary bonuses as part of his compensation. These nondiscretionary bonuses were based on company profits.

21. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

22. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding his employment.

23. Plaintiff's primary duties were to load and unload scrap metal.

24. Plaintiff did not hire or fire any other employee.

25. Plaintiff was not asked to provide input as to which employees should be hired or fired.

26. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

27. Plaintiff's duties were rote and routine, and he sought input from supervisors when his duties were not rote or routine.

28. Because Plaintiff's duties involved primarily manual labor, Plaintiff was a classic "blue collar worker" under the FLSA.

29. Plaintiff regularly worked over forty hours each week.

30. Defendant did keep track of Plaintiff's hours worked.

31. Plaintiff was required to be at work from 6:00 AM until 5:00 or 6:00 pm, Monday through Friday.

32. Plaintiff additionally worked some Saturdays.

33. Plaintiff performed all or almost all of his work on Defendant's premises.

34. Defendant knew or should have known that Plaintiff was working hours over forty in most weeks.

35. Plaintiff was not paid overtime wages for hours worked over forty per week.

36. The bonuses Plaintiff received should be included in his regular rate when calculating his overtime pay, per 29 C.F.R. § 778.208.

37. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours worked over forty per week.

38. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA.

## V.   FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

41. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

42. Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked in excess of 40 hours per week, despite Plaintiff's entitlement thereto.

43. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

45. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CAUSE OF ACTION—VIOLATIONS OF THE CWA AND CMWO

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff regularly worked more than forty hours per workweek.

49. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5x his regular rate of pay for all hours he worked in excess of 40 per workweek.

50. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

51. Because Defendant willfully violated the CWA and CMWO, a three-year statute of limitations shall apply to such violations.

52. As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Eleazar Castorena respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ELEAZAR CASTORENA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*_____
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*_____
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com